## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NARET LAM,<br>       Appellant, | DOCKET NUMBER<br>DA-0752-18-0313-I-1 |
|     v. | |
| DEPARTMENT OF THE AIR FORCE,<br>       Agency. | DATE: May 31, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher Winiecki, Esquire, and Tyler J. Sroufe, Esquire, Dallas, Texas,
    for the appellant.

William D. Vernon, Esquire, and Julia M. Williams, Esquire, Tinker AFB,
    Oklahoma, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal for deliberate misrepresentation. On petition for review, the appellant argues that the administrative judge made erroneous findings regarding the agency's charge, his affirmative defenses, nexus, and the reasonableness of the penalty. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim that the deciding official took the removal action in retaliation for his prior equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2　　The appellant was removed based on a single charge of deliberate misrepresentation with two specifications. Initial Appeal File (IAF), Tab 10 at 16, 18-20, Tab 12 at 33-35. The charge stemmed from his actions during a software development training assignment wherein he copied software from a source found on the internet, and then, after being informed of deficiencies in his submission, copied the work of a colleague for his second submission. IAF, Tab 12 at 33.

¶3　　To establish a charge of misrepresentation, falsification, or lying, an agency must prove that an appellant: (1) supplied wrong information; and (2) knowingly did so with the intent of defrauding, deceiving, or misleading the agency for his own private material gain. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 10 (2014). In the initial decision, the administrative judge

observed that the training agreement signed by the appellant provided that all projects were to be the appellant's own work and that the exchange of software code was prohibited. IAF, Tab 35, Initial Decision (ID) at 7; IAF, Tab 13 at 48. The administrative judge also found, based at least in part on credibility determinations, that the agency proved that the appellant provided wrong information. ID at 6-7. We find no reason to disturb the administrative judge's finding that the appellant supplied the agency with wrong information when he submitted the training assignment and presented it as his own work when it was not. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (explaining that the Board must give deference not only to an administrative judge's credibility findings that explicitly rely on witness demeanor, but also those that are "intertwined with issues of credibility and an analysis of [a witness's] demeanor at trial"); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that when an administrative judge's credibility determinations are based, even implicitly, on the observation of the demeanor of witnesses testifying at a hearing, the Board may overturn such determinations only when it has sufficiently sound reasons for doing so).

¶4    In the context of a misrepresentation charge, the definition of "private material gain" is quite broad and includes such interests as the securement of employment and the hiding of facts in order to prevent an agency from taking disciplinary or corrective action. *Boo*, 122 M.S.P.R. 100, ¶ 13. The Board has found an appellant to have obtained a private material gain by being credited with performing his required work, though he had not actually done so. *O'Lague v. Department of Veterans Affairs,* 123 M.S.P.R. 340, ¶ 10 (2016), *aff'd*, 698 F. App'x 1034 (Fed. Cir. 2017). In arguing that he obtained no private material gain, the appellant asserts that the proposing official testified that he would not have faced removal, or any other disciplinary or corrective action, had he failed to complete the training exercise. Petition for Review (PFR) File, Tab 3 at 13. In fact, the proposing official testified that the appellant was probably

worried about not finishing the exercise and getting a poor appraisal and stated that the appellant "potentially" could have been removed for not completing the exercise. Hearing Transcript (HT) at 49 (testimony of the proposing official). Notably, in this regard, the training agreement provided that the training program in which the appellant was enrolled was his "only and top priority." IAF, Tab 13 at 48. Therefore, the appellant's assertion is without merit.

¶5　　In sum, we agree with the administrative judge that the appellant's misconduct was knowingly done with the intent of misleading the agency so that he could be credited with completing his assigned training exercise, which, under the circumstances present here, constitutes private material gain. Thus, the administrative judge properly sustained the charge. *See Gustave-Schmidt v. Department of Labor*, 87 M.S.P.R. 667, ¶¶ 2, 7, 19 (2001) (affirming the removal of an employee for intentional misrepresentation when she engaged in plagiarism and led others to believe that she was the author of the plagiarized works).

¶6　　The administrative judge found that the appellant failed to show that his prior EEO activity was a motivating factor in his removal. ID at 11-15. After the initial decision was issued, the Board clarified the analytical framework for addressing EEO retaliation claims. Claims of retaliation for opposing discrimination in violation of Title VII are analyzed under the same framework used for Title VII discrimination claims, namely, that the appellant bears the initial burden of proving by preponderant evidence that his protected EEO activity was a motivating factor in his removal. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 20. In discussing the appellant's affirmative defenses, the administrative judge found that the appellant failed to establish that the deciding official was aware of his prior EEO activity when rendering his decision. ID at 11-12. However, the decision notice refers to the appellant's supplemental written reply to the proposed removal, IAF, Tab 10 at 18, which itself notes that the appellant had filed an EEO complaint about his proposed removal, IAF, Tab 11 at 10. Thus, the deciding official was aware of the

appellant's EEO activity when he issued his decision and the administrative judge's finding to the contrary was erroneous.[2]

¶7    Nevertheless, the deciding official's knowledge of the appellant's EEO complaint does not in itself establish that it was a motivating factor in his decision to remove the appellant. *See Golden v. U.S. Postal Service*, 60 M.S.P.R. 268, 274 (1994) (finding that although the proposing official knew, and the deciding official may have known, about the appellant's EEO complaints, the appellant still failed to show that his EEO complaints were a motivating factor in his demotion). Without more, and in consideration of the record as a whole, including the evidence establishing that the appellant committed the charged misconduct, we find that he failed to establish that his EEO activity was a motivating factor in his removal.[3]

¶8    The appellant asserted that the removal penalty was inconsistent with lesser penalties previously levied against three other employees who were charged with deliberate misrepresentation in connection with their requests for sick leave. IAF, Tab 12 at 21-22. The administrative judge found that these employees were not comparable to the appellant because, among other things, their misconduct was not similar to his. ID at 17-18. We agree with the administrative judge's analysis. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13 (holding that the "universe of potential comparators" "should be limited to those employees whose

---

[2] To the extent that the appellant suggests on review that the administrative judge erred in finding that the proposing official lacked knowledge of the appellant's prior EEO activity when he proposed the removal, the record shows that the January 26, 2018 proposal notice predates the initiation of the EEO process on January 29, 2018. PFR File, Tab 3 at 16-17; IAF, Tab 12 at 33-35, Tab 14 at 8. At the hearing, the appellant testified that he initiated his EEO activity when he found out that the proposing official was proposing the removal. HT at 154 (testimony of the appellant). Thus, the proposal notice could not have been in retaliation for the appellant's prior EEO activity.

[3] Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's retaliation claim, it is unnecessary for us to address whether retaliation was a but-for cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

misconduct and/or other circumstances closely resemble those of the appellant"). In addition, the consistency of the penalty with those imposed on other employees for the same or similar offenses is only one of many factors to be considered in determining an appropriate penalty, and is not necessarily outcome determinative. *Id.*, ¶ 18; *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

¶9      For the reasons set forth in the initial decision, we agree that the agency established a nexus between the appellant's misconduct and the efficiency of the service and that its penalty determination was reasonable.  ID at 15-19.  We therefore affirm the appellant's removal and deny the petition for review.

### NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter.  5 C.F.R. § 1201.113. You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination</u> <u>claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u> <u>receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding</u> <u>all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.